# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARL L. HIGGINS, | CASE NO. 1:07-cv-00934-LJO-GSA PC |
| Plaintiff, | ORDER REQUIRING PLAINTIFF TO EITHER FILE AMENDED COMPLAINT OR NOTIFY COURT OF WILLINGNESS TO PROCEED |
| v. | ONLY ON EXCESSIVE FORCE CLAIM |
| J. MEDINA, et al., | AGAINST DEFENDANTS MEDINA AND MIRANDA WITHIN THIRTY DAYS |
| Defendants. | (Doc. 1) |

**Screening Order**

I.      **Screening Requirement**

        Plaintiff Carl L. Higgins ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed this action on June 28, 2007.

        The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

1

1    "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited

2    exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S.

3    506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and

4    plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a).

5    "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the

6    grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. However, "the liberal pleading

7    standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330

8    n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements

9    of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257

10   (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

11   **II.    Plaintiff's Claims**

12   Plaintiff is currently housed at California Correctional Institution in Tehachapi. The events

13   at issue in this action allegedly occurred at Kern Valley State Prison in Delano. Plaintiff names

14   Correctional Officers Medina, Miranda, Williams, Lozano, and Gibbs, Sergeant Jose, and Lieutenant

15   Reynoso as defendants. Plaintiff is seeking money damages and declaratory relief.

16   The claims at issue in this action arise from an incident which occurred on December 21,

17   2005, during a search of the building Plaintiff was housed in. Plaintiff alleges that after his cellmate

18   was sprayed with pepper spray and extracted by Officers Williams, Lozano, and Palmer, Plaintiff

19   was extracted by Defendants Medina and Miranda. Plaintiff alleges that he was compliant during

20   the incident, but was dropped on his stomach on the floor while cuffed. Plaintiff alleges his chin hit

21   the floor and busted open, bleeding everywhere. During the escort, Plaintiff was slammed to the

22   ground, causing him to sustain abrasions on his knees and foot.

23   Plaintiff alleges that once he was on the ground, Defendant Reynoso stood over him and said,

24   "You ever touch my c/o, I will make sure your brains be all over this field." (Doc. 1, Comp., Court

25   Record pg. 11.) Plaintiff alleges that he then knew he was being set up on a false charge of battery

26   on a peace officer. (Id., C.R. pg. 38.) Plaintiff was escorted to the medical clinic following

27   Defendant Reynoso's comment.

28   ///

1   Plaintiff was subsequently charged with and found guilty of battery on a peace officer.  (Id.,

2   pg. 86.)  Plaintiff did not lose time credits due to a due process violation under applicable prison

3   rules and regulations, but lost yard time for ten days, lost canteen privileges for thirty days, and was

4   referred for the assessment of a Security Housing Unit term.  (Id., pgs. 86-87.)

5   **A.      Excessive Force**

6   "What is necessary to show sufficient harm for purposes of the Cruel and Unusual

7   Punishments Clause [of the Eighth Amendment] depends upon the claim at issue . . . ."  Hudson v.

8   McMillian, 503 U.S. 1, 8 (1992).  "The objective component of an Eighth Amendment claim is . .

9   . contextual and responsive to contemporary standards of decency."  Id. (internal quotation marks

10  and citations omitted).   The malicious and sadistic use of force to cause harm always violates

11  contemporary standards of decency, regardless of whether or not significant injury is evident.  Id.

12  at 9; see also Oliver v. Keller, 289 F.3d 623, 628 (9th Cir. 2002) (Eighth Amendment excessive force

13  standard examines de minimis uses of force, not de minimis injuries)).   However, not "every

14  malevolent touch by a prison guard gives rise to a federal cause of action."  Id. at 9.  "The Eighth

15  Amendment's prohibition of cruel and unusual punishments necessarily excludes from constitutional

16  recognition de minimis uses of physical force, provided that the use of force is not of a sort

17  repugnant to the conscience of mankind."  Id. at 9-10 (internal quotations marks and citations

18  omitted).  "[W]henever prison officials stand accused of using excessive physical force in violation

19  of the Cruel and Unusual Punishments Clause, the core judicial inquiry is . . . whether force was

20  applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to

21  cause harm."  Id. at 7.

22  Plaintiff's allegations are sufficient to give rise to a claim for relief under section 1983

23  against Defendants Medina and Miranda for use of excessive force.  Fed. R. Civ. P. 8(a).

24  **B.      False Reports/Failure to Investigate**

25  Plaintiff alleges a claim for relief against Defendants Medina, Miranda, Williams, Lozano,

26  Gibbs, and Jose for writing false reports and introducing false information.  (Doc. 1, pg. 22.)

27  Plaintiff also alleges a claim for relief against Defendant Reynoso for participating in the falsification

28  of reports.

3

1    The falsification of reports would implicate the protection of the Due Process Clause of the

2    Fourteenth Amendment, which protects against the deprivation of liberty without due process of law.

3    Wolff v. McDonnell, 418 U.S. 539, 556 (1974).  In order to invoke the protection of either the

4    substantive or procedural component of the Due Process Clause, Plaintiff must first establish the

5    existence of a liberty interest for which the protection is sought.  Wilkinson v. Austin, 545 U.S. 209,

6    221 (2005); Action Apartment Ass'n, Inc. v. Santa Monica Rent Control Bd., 509 F.3d 1020, 1026

7    (9th Cir. 2007).

8    Liberty interests may arise from the Due Process Clause itself or from state law.  Wilkinson,

9    545 U.S. at 221.  The Due Process Clause itself does not confer on inmates a liberty interest in

10   avoiding "more adverse conditions of confinement."  Id.; Hewitt v. Helms, 459 U.S. 460, 466-68

11   (1983).   Under state law, the existence of a liberty interest created by prison regulations is

12   determined by focusing on the nature of the deprivation.  Sandin v. Conner, 515 U.S. 472, 481-84

13   (1995).  Liberty interests created by state law are "generally limited to freedom from restraint which

14   . . . imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of

15   prison life."  Sandin v. Conner, 515 U.S. 472, 484, 115 S.Ct. 2293, 2300 (1995); Myron v. Terhune,

16   476 F.3d 716, 718 (9th Cir. 2007).

17   Plaintiff has not alleged any facts which support the existence of a protected liberty interest

18   entitling him to due process protections under federal law.  Loss of yard and canteen privileges do

19   not constitute "atypical and significant hardship" and it is unclear what other deprivations occurred

20   as a result of the finding of guilt on the charge against Plaintiff.  Plaintiff will be provided with the

21   opportunity to amend.

22   **C.    Supervisory Liability**

23   Plaintiff alleges that Defendants Jose and Reynoso failed to properly supervise and "correct

24   the corruption" of their correctional officers.  (Doc. 1, C.R. pgs. 35, 39.)

25   "Although there is no pure *respondeat superior* liability under § 1983, a supervisor [may be

26   held] liable for the constitutional violations of subordinates 'if the supervisor participated in or

27   directed the violations, or knew of the violations and failed to act to prevent them.'"  Hydrick v.

28   Hunter, 500 F.3d 987, 988 (9th Cir. 2007) (quoting Taylor v. List, 880 F.2d 1040, 1045 (9th Cir.

1    1989)).  In this instance, Plaintiff alleges that Defendant Jose was directly involved in falsifying

2    reports and Defendant Reynoso was involved in coaching the other defendants.  However, as set

3    forth above, Plaintiff's allegations fall short of stating a claim for violation of a constitutional right

4    with respect to report falsification.  Because Plaintiff has not stated a cognizable claim based on the

5    falsification of reports, Plaintiff's supervisory liability claim fails.

6        It is unclear if Plaintiff is attempting to pursue a supervisory liability claim against Defendant

7    Reynoso for use of excessive force as well.  Plaintiff's allegations are not sufficient to state such a

8    claim, as the encounter Plaintiff describes in his complaint occurred after the incident of force and

9    it is not clear if Defendant Reynoso either had advance notice of the use of force or witnessed it.

10   Defendant's threat to Plaintiff about not touching his officers does not support a claim for relief.

11   Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir. 1987).

12       **D.    Claims for Equitable Relief**

13       In addition to money damages, Plaintiff seeks a declaration that his rights were violated.  "A

14   declaratory judgment, like other forms of equitable relief, should be granted only as a matter of

15   judicial discretion, exercised in the public interest."  Eccles v. Peoples Bank of Lakewood Village,

16   333 U.S. 426, 431 (1948).  "Declaratory relief should be denied when it will neither serve a useful

17   purpose in clarifying and settling the legal relations in issue nor terminate the proceedings and afford

18   relief from the uncertainty and controversy faced by the parties."  United States v. Washington, 759

19   F.2d 1353, 1357 (9th Cir. 1985).  In the event that this action reaches trial and the jury returns a

20   verdict in favor of Plaintiff, that verdict will be a finding that Plaintiff's constitutional rights were

21   violated.  Accordingly, a declaration that Defendants violated Plaintiff's rights is unnecessary, and

22   therefore unavailable in this action.

23   **IV.   Conclusion and Order**

24       The Court finds that Plaintiff's complaint states a cognizable claim for relief under section

25   1983 against Defendants Medina and Miranda for use of excessive physical force, in violation of the

26   Eighth Amendment.  However, Plaintiff's claims arising from the alleged falsification of reports are

27   not cognizable because Plaintiff has not identified a liberty interest entitling him to due process

28   protection under federal law.  Plaintiff shall be provided with the opportunity to either file an

5

1  amended complaint or notify the Court that he is willing to proceed only on his excessive force claim

2  and does not wish to amend.

3        If Plaintiff opts not to amend and notifies that Court that he is agreeable to proceeding only

4  against Defendants Medina and Miranda for use of excessive force, the Court will issue a Findings

5  and Recommendations recommending that the other claims and defendants be dismissed from this

6  action, and will forward Plaintiff two summonses and two USM-285 forms for completion and

7  return.  Upon receipt of the forms, the Court will direct the United States Marshal to initiate service

8  of process.

9        In the event that Plaintiff opts to file an amended complaint, Plaintiff is advised that an

10  amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474

11  (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself

12  without reference to the prior or superceded pleading," Local Rule 15-220.  Plaintiff is warned that

13  "[a]ll causes of action alleged in an original complaint which are not alleged in an amended

14  complaint are waived."  King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d

15  811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

16        Further, Plaintiff must demonstrate how the conditions complained of have resulted in a

17  deprivation of Plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).

18  The complaint must allege in specific terms how each named defendant is involved.  There can be

19  no liability under section 1983 unless there is some affirmative link or connection between a

20  defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v.

21  Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

22        Finally, any amended complaint must comply with Federal Rule of Civil Procedure 8(a),

23  which provides that a complaint must contain "a short and plain statement of the claim showing that

24  the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a).  Rule 8(a) expresses the principle of

25  notice-pleading, whereby the pleader need not give an elaborate recitation of every fact he may

26  ultimately rely upon at trial, but only a statement sufficient to "'give the defendant fair notice of what

27  the plaintiff's claim is and the grounds upon which it rests.'"  Swierkiewicz v. Sorema N. A., 534

28  U.S. 506, 511-12, 122 S.Ct. 992 (2002) (quoting Conley v. Gibson, 355 U.S. 41, 47, 78 S.Ct. 99

6

1   (1957)).  Plaintiff's complaint is fifty pages long, and is unnecessarily lengthy due to argument and

2   repetition of facts.  Plaintiff should set forth the facts necessary to describe what happened to him

3   (e.g., those facts necessary to show that he has a claim), and should state what claims he is pursuing

4   against which defendants.  However, the complaint is not the place for Plaintiff to argue his case and

5   it is unnecessary for Plaintiff to repeat the same facts throughout the complaint.

6          Based on the foregoing, it is HEREBY ORDERED that:

7          1.      The Clerk's Office shall send Plaintiff a civil rights complaint form;

8          2.      Within **thirty (30) days** from the date of service of this order, Plaintiff must either:

9                  a.      File an amended complaint curing the deficiencies identified by the Court in

10                         this order, or

11                 b.      Notify the Court in writing that he does not wish to file an amended

12                         complaint and wishes to proceed only against Defendants Medina and

13                         Miranda on his Eighth Amendment excessive force claim; and

14         3.      If Plaintiff fails to comply with this order, this action will be dismissed for failure to

15                 obey a court order.

16

17

18         IT IS SO ORDERED.

19     **Dated:    April 11, 2008**                    _____ /s/ **Gary S. Austin** _____
                                                       UNITED STATES MAGISTRATE JUDGE

20

21

22

23

24

25

26

27

28