# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARL L. HIGGINS,<br><br>              Plaintiff,<br><br>      v.<br><br>J. MEDINA, et al.,<br><br>              Defendants.<br>_____/ | CASE NO. 1:07-cv-00934-LJO-GSA-PC<br><br>ORDER REQUIRING PLAINTIFF TO EITHER FILE AN AMENDED COMPLAINT OR NOTIFY THE COURT OF WILLINGNESS TO PROCEED ONLY ON CLAIMS FOUND TO BE COGNIZABLE<br><br>(Doc. 14)<br><br>RESPONSE DUE WITHIN 30 DAYS |

**I.      Screening Requirement**

Plaintiff Carl L. Higgins ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on June 28, 2007. On April 11, 2008, the Court issued an order requiring Plaintiff to either file an amended complaint or notify the Court of his willingness to proceed only on claims found to be cognizable. Plaintiff opted to amend. Currently before the Court is Plaintiff's first amended complaint ("the complaint"), filed on May 29, 2008. The complaint filed on May 29, 2008 supercedes Plaintiff's original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," E.D. Cal R. 15-220.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

1  "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek
2  monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).
3  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall
4  dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a
5  claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

6       "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited
7  exceptions," none of which applies to section 1983 actions.  Swierkiewicz v. Sorema N. A., 534 U.S.
8  506, 512 (2002); Fed. R. Civ. P. 8(a).  Pursuant to Rule 8(a), a complaint must contain "a short and
9  plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a).
10 "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the
11 grounds upon which it rests."  Swierkiewicz, 534 U.S. at 512.  However, "the liberal pleading
12 standard . . . applies only to a plaintiff's factual allegations."  Neitze v. Williams, 490 U.S. 319, 330
13 n.9 (1989).  "[A] liberal interpretation of a civil rights complaint may not supply essential elements
14 of the claim that were not initially pled."  Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257
15 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

16 **II.   Plaintiff's Claims**

17     **A.  Summary of the Complaint**

18      Plaintiff is a state prisoner housed at the California Correctional Institution (CCI) in
19 Tehachapi, California.  The series of events giving rise to the complaint began when Defendant
20 Gibbs initiated a strip-search of Plaintiff but failed to follow CCI's search policy ,which requires
21 that the door to a prisoner's cell remain closed while the prisoner is searched.  Plaintiff alleges that
22 after being searched, Plaintiff was handcuffed and then slammed to the floor, causing Plaintiff to
23 suffer a laceration on his chin and injuries to his feet and knees.  The complaint states that
24 Defendants Medina, Miranda, Williams, and Lozano used pepper spray on Plaintiff while Plaintiff
25 was handcuffed and lying on the floor.  Plaintiff was then taken outside to CCI's yard, where
26 Plaintiff was again slammed to the floor.

27 ///

28 ///

Plaintiff states that Defendants Jose and Reynoso witnessed Plaintiff being slammed to the floor in the yard, and that Defendants Jose and Reynoso had "advance notice of the use of force acts [sic]." First Amended Complaint, p. 7. Plaintiff alleges that Defendants Jose and Reynoso violated CCI policy by failing to properly investigate the incident.

According to the complaint, Defendants Jose and Reynoso conspired with other named Defendants to fabricate a false charge of battery on a peace officer against Plaintiff, which caused Plaintiff to be placed in disciplinary segregation in a special holding unit (SHU) for fifteen months. Upon being released from the SHU, Plaintiff was placed in a "BMU" cell for ninety days, which entailed loss of yard, canteen, and personal property privileges.[1] Because personal property is not allowed in the BMU, Plaintiff was told that he needed to mail all of his personal property home to prevent it from being destroyed. Plaintiff alleges that, although he requested that his property be sent home and had sufficient money to pay for postage, his property was confiscated and destroyed.

In addition to seeking monetary damages from Defendants in their individual capacities, Plaintiff asks the Court to grant declaratory relief. "A declaratory judgment, like other forms of equitable relief, should be granted only as a matter of judicial discretion, exercised in the public interest." Eccles v. Peoples Bank of Lakewood Village, 333 U.S. 426, 431 (1948). "Declaratory relief should be denied when it will neither serve a useful purpose in clarifying and settling the legal relations in issue nor terminate the proceedings and afford relief from the uncertainty and controversy faced by the parties." United States v. Washington, 759 F.2d 1353, 1357 (9th Cir. 1985). In the event that this action reaches trial and the jury returns a verdict in favor of Plaintiff, that verdict will be a finding that Plaintiff's constitutional rights were violated. Accordingly, a declaration that Defendants violated Plaintiff's rights is unnecessary.

**B. Eighth Amendment Excessive Force Claim**

The unnecessary and wanton infliction of pain violates the Cruel and Unusual Punishment Clause of the Eighth Amendment. Hudson v. McMillian, 503 U.S. 1, 5 (1992) (citations omitted). For claims of excessive physical force, the issue is "whether force was applied in a good-faith effort

---

[1] The complaint contains inconsistent allegations as to the length of time that Plaintiff lost canteen and yard privileges. Plaintiff lost canteen and yard privileges for either the first thirty or sixty days of BMU confinement.

1  to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson, 503 U.S.
2  at 7. Although de minimis use of force does not violate the Constitution, the malicious and sadistic
3  use of force to cause harm always violates the Eighth Amendment, regardless of whether significant
4  injury is evident. Id. at 9-10; see also Oliver v. Keller, 289 F.3d 623, 628 (9th Cir. 2002) (Eighth
5  Amendment excessive force standard examines de minimis uses of force, not de minimis injuries).
6  An officer can be held liable for failing to intercede while witnessing use of excessive force only
7  if he had a "realistic opportunity" to do so. Cunningham v. Gates, 229 F.3d 1271, 1289 (9th Cir.
8  2000); Robins v. Meecham, 60 F.3d 1436, 1442 (9th Cir. 1995). Where a supervisor has advance
9  notice of an imminent constitutional violation but fails to act to prevent it, the supervisor may be
10 held liable under section 1983 for the acts of subordinates. See Hydrick v. Hunter, 500 F.3d 978,
11 988 (9th Cir. 2007).

### 1. Defendants Medina, Miranda, Williams, and Lozano

The complaint alleges that Defendants Medina, Miranda, Williams, and Lozano sprayed Plaintiff with pepper spray, despite the fact that Plaintiff was handcuffed and lying on the floor. Under minimal federal notice pleading standards, the Court finds Plaintiff's allegations are sufficient to allow him to proceed against Defendants Medina, Miranda, Williams, and Lozano for use of excessive force. Fed. R. Civ. P. 8(a); Erickson v. Pardus, 127 S.Ct. 2197, 2200 (2007); Alvarez v. Hill, 518 F.3d 1152, 1157-58 (9th Cir. 2008).

### 2. Defendants Jose and Reynoso

The complaint alleges that Defendants Jose and Reynoso witnessed other Defendants slam Plaintiff to the ground. Plaintiff's allegations do not demonstrate that Defendants Jose and Reynoso had a realistic opportunity to intercede. However, Plaintiff also makes the conclusory allegation that Defendants Jose and Reynoso had "advance notice of the use of force acts [sic]." First Amended Complaint, p. 7. Construed liberally, the complaint appears to allege that Defendants Jose and Reynoso had advance notice that other Defendants intended to use excessive force against Plaintiff but failed to prevent the use of such force.

///

///

Under minimal federal notice pleading standards, the Court finds Plaintiff's allegations are sufficient to allow him to proceed against Defendants Jose and Reynoso for failing to prevent the use of excessive force against Plaintiff. Fed. R. Civ. P. 8(a); Erickson v. Pardus, 127 S.Ct. 2197, 2200 (2007); Alvarez v. Hill, 518 F.3d 1152, 1157-58 (9th Cir. 2008).

### 3. Other Defendants

It appears Plaintiff may believe that the properly pled allegations contained in his original complaint, filed on June 28, 2007, are automatically incorporated into the amended complaint filed on May 29, 2008. They are not. The complaint filed on May 29, 2008 is now the only document the Court considers in evaluating Plaintiff's claims. Forsyth, 114 F.3d at 1474; E.D. Cal R. 15-220. Accordingly, the complaint fails to plead any factual allegations against Defendants Hamlin, Chapman, Zanchi, and Rhodes. Plaintiff's allegation that Defendant Gibbs violated CCI policy by performing a strip-search of Plaintiff while the door to Plaintiff's cell was open is insufficient to state a claim under section 1983.[2]

**C. Due Process Claims**

### 1. Disciplinary Segregation

The Due Process Clause of the Fourteenth Amendment protects state prisoners from being deprived of liberty without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). In order to state a cause of action for deprivation of due process, a plaintiff must first establish the existence of a liberty interest for which the protection is sought. Id. Liberty interests may arise from the Due Process Clause itself or from state law. Hewitt v. Helms, 459 U.S. 460, 466-68 (1983) (overruled by Sandin v. Connor, 515 U.S. 472, 478 (1995) on other grounds). The Due Process Clause itself does not confer on inmates a liberty interest in being confined in the general prison population instead of administrative segregation. See Hewitt, 459 U.S. at 466-68. State-created liberty interests arising out of prison regulations are limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin, 515 U.S. at 484.

---

[2] The Court does not hold that performing a strip-search of a prisoner, in public, is insufficient to state a claim under section 1983 as a matter of law. The Court holds only that the complaint fails to state a claim against Defendant Gibbs based on the facts currently pled.

5

The length of time in which a prisoner is subjected administrative segregation is a relevant factor in determining the significance of the hardship imposed on a prisoner. Wilkinson v. Austin, 545 U.S. 209, 224 (2005).

Plaintiff's allegations fail to establish the existence of a protected liberty interest sufficient to invoke the protection of the Due Process Clause.[3] With respect to the fifteen months Plaintiff was housed in SHU, although duration of a SHU term is relevant in determining whether a protected liberty interest is implicated, Wilkinson, 545 U.S. at 224, Plaintiff fails to plead sufficient facts to demonstrate that the conditions in SHU were substantially different from the ordinary incidents of confinement. Plaintiff also fails to plead sufficient facts with respect to the conditions of the BMU unit in which Plaintiff was held for ninety days.[4]

## 2. Deprivation of Property

Plaintiff alleges that his property was improperly confiscated and destroyed by Defendants. A complaint alleging intentional deprivation of a prisoner's property fails to state a claim under section 1983 if the state provides an adequate post deprivation remedy. Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir. 1994) (citing Hudson v. Palmer, 468 U.S. 517, 533 (1984)). California law provides an adequate post-deprivation remedy for property deprivations caused by prison officials. Barnett, 31 F.3d at 816; CAL. GOV'T CODE § 810-895 (2008). Accordingly, the complaint fails to state a claim for deprivation of property.

## III. Conclusion and Order

The complaint states a claim against Defendants Medina, Miranda, Williams, and Lozano for use of excessive force in violation of Plaintiff's Eighth Amendment rights. The complaint also

---

[3] Plaintiff alleges that Defendants conspired to fabricate a false charge against him, which resulted in Plaintiff being placed in disciplinary segregation. Although conspiracy claims may be brought under section 1983, Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), Plaintiff fails to make the threshold showing of an underlying constitutional violation.

[4] It is unlikely that the conditions Plaintiff encountered in the BMU were sufficiently adverse to distinguish Plaintiff's case from the numerous cases in which courts have held that there is no protected liberty interest in avoiding limited periods of administrative segregation. Compare Sandin, 515 U.S. at 486 (30 days segregated confinement held insufficient to invoke Due Process protections) with Wilkinson, 545 U.S. at 223-224 (indefinite solitary confinement in harsh conditions, combined with revocation of parole eligibility held sufficient to invoke Due Process protections). Plaintiff's allegation that he was denied access to his personal property while being held in BMU for 90 days is insufficient to state a claim under the high standard set forth in Sandin. 515 U.S. at 486.

states a claim against Defendants Jose and Reynoso for failing to act to prevent the excessive use of force. The complaint does not state any other cognizable claims. The Court will provide Plaintiff with one more opportunity to file an amended complaint curing the deficiencies identified by the Court in this order. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

If Plaintiff opts to amend, **Plaintiff must restate all allegations against all named Defendants, as only the amended complaint will be considered by the Court**. The amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Hydrick v. Hunter, 500 F.3d 978, 987-88 (9th Cir. 2007). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints). Plaintiff is advised again that an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," E.D. Cal. R. 15-220. Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474. Plaintiff must incorporate by reference any exhibits attached to the complaint in the body of the complaint, or the exhibits will not be considered. See Fed. R. Civ. P 10(c).

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;

2. Within **thirty (30) days** from the date of service of this order, Plaintiff must either:

    a. File an amended complaint correcting the deficiencies identified by this Order; or

    b. Notify the Court in writing that Plaintiff wishes to proceed only against Defendants Medina, Miranda, Williams, Lozano, Jose, and Reynoso for excessive force; and

3. If Plaintiff fails to comply with this order, this action will be dismissed for failure to obey a court order.

IT IS SO ORDERED.

Dated: **January 28, 2009**              /s/ **Gary S. Austin**
UNITED STATES MAGISTRATE JUDGE