# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARL L. HIGGINS,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>J. MEDINA, et al.,<br><br>　　　　　　Defendants. | CASE NO. 1:07-cv-00934-LJO-GSA PC<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF CERTAIN CLAIMS AND DEFENDANTS<br><br>(Doc. 16)<br><br>OBJECTIONS DUE WITHIN THIRTY DAYS |

**Findings and Recommendations Following Screening of Second Amended Complaint**

**I.　　Screening Requirement**

　　Plaintiff Carl L. Higgins, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on June 28, 2007. On April 11, 2008, Plaintiff was provided with the opportunity to either file an amended complaint or proceed only on the claims identified as cognizable by the Court in the order. Plaintiff filed a first amended complaint on May 29, 2008, and on January 29, 2009, Plaintiff was again provided with the opportunity to either file an amended complaint or proceed only on the claims identified as cognizable by the Court. Now pending before the Court is Plaintiff's second amended complaint, filed March 16, 2009.

　　The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

"Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)), and courts "are not required to indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). While factual allegations are accepted as true, legal conclusion are not. Iqbal, 129 S.Ct. at 1949.

Under section 1983, Plaintiff must demonstrate that each defendant *personally* participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002) (emphasis added). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Iqbal at 1949-50; Moss at 969.

**II.    Plaintiff's Claims**

    **A.    Claims Against Staff at Kern Valley State Prison**

        **1.    Excessive Force Claim**

Plaintiff alleges that on December 21, 2005, correctional staff members were conducting a major inspection of Facility B yard at Kern Valley State Prison (KVSP). Defendant Gibb, who was working the control booth, opened the door to Plaintiff's cell, and Defendants Williams and Lozano ordered Plaintiff and his cellmate to strip down.[1] Plaintiff approached the cell door first with his clothes and shoes, and handed them to Williams. Plaintiff's clothes and body were inspected, and

///

---

[1] Lozano is misidentified as Loazano in the complaint. (2nd Amend. Comp., court record p. 89.)

2

1  he was ordered to dress.  Plaintiff was then cuffed and told to step to the back of the cell while his
2  cellmate completed the same procedure.
3        After Plaintiff's cellmate was searched and cuffed, Defendants Williams and Lozano began
4  to pepper spray the cellmate while yelling, "Get down!"  (2nd Amend. Comp., court record p. 26.)
5  Defendants activated their alarms, and Plaintiff got down on his stomach while Defendants continued
6  to spray pepper spray.  Defendants, along with Officer Palmer, grabbed Plaintiff's cellmate and
7  dragged him out of the cell.  Defendants Medina and Miranda then grabbed Plaintiff by his t-shirt and
8  legs and pulled him into a hog tie position.  Plaintiff was dropped onto the floor, causing his chin to
9  bust open and bleed.  Defendants Medina and Miranda dragged Plaintiff out of his cell, removed his
10 shoes, socks, and gym shorts, and placed him on his feet
11       Plaintiff was escorted past a medical staff member, but Defendants Medina, Miranda, and
12 Jose refused to allow him to be treated at the scene.  As Plaintiff was being escorted toward the
13 program office and medical office, he was slammed to the ground hard and dragged, causing
14 abrasions to his knees and foot, and exposing the wound on his chin to pepper spray on the floor.
15 While Plaintiff was on the ground, Defendant Reynoso stood over him, and told him that if he ever
16 touched an officer, Reynoso would make sure his brains were all over the field.  Plaintiff alleges this
17 threat was made to cover up the officers' use of excessive force.  Plaintiff was then taken to the
18 medical clinic.
19       The unnecessary and wanton infliction of pain violates the Cruel and Unusual Punishments
20 Clause of the Eighth Amendment.  Hudson v. McMillian, 503 U.S. 1, 5, 112 S.Ct. 995 (1992)
21 (citations omitted).  For claims of excessive physical force, the issue is "whether force was applied
22 in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm."
23 Hudson, 503 U.S. at 7.  Although de minimis uses of force do not violate the Constitution, the
24 malicious and sadistic use of force to cause harm always violates the Eighth Amendment, regardless
25 of whether or not significant injury is evident.  Id. at 9-10; see also Oliver v. Keller, 289 F.3d 623,
26 628 (9th Cir. 2002) (Eighth Amendment excessive force standard examines de minimis uses of force,
27 not de minimis injuries)).
28 ///

Plaintiff's allegations are sufficient to state a claim against Defendants Williams, Lozano, Medina, and Miranda for use of excessive force. However, although Gibbs is described as a defendant in the complaint, he is not named in the caption or in the section entitled "Defendants," leaving it unclear whether Plaintiff intended to name him as a party or not. To the extent Plaintiff intends Gibbs to be a defendant, the act of opening Plaintiff's cell door to allow officers to inspect it as part of the facility-wide inspection does not expose Gibbs to liability for the force used by Defendants Williams, Lozano, Medina, and Miranda, and Gibbs should be dismissed from this action.

Further, although Plaintiff alleges that Defendants Reynoso and Jose had advance notice of the use of force and that Defendant Reynoso was on the facility yard when the incident occurred, Plaintiff's second amended complaint is devoid of any allegations supporting a claim that Defendants orchestrated the incident, knew that their subordinates were planning to use excessive physical force against Plaintiff, or were directly involved. The mere possibility of misconduct is insufficient to state a claim, and the Court finds that Plaintiff has not stated a plausible excessive force claim against Reynoso or Jose. Iqbal at 1949-50. Finally, Defendant Reynoso's threat to Plaintiff was not a constitutional violation. Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir. 1987).

### 2. **Falsification of Reports**

Following the incident of excessive force, Plaintiff alleges that he was falsely charged with battery on a peace officer, and that Defendants Williams, Lozano, Medina, and Miranda filed false reports regarding the incident. Plaintiff alleges that Defendant Jose wrote false rules violation reports against him, and that Defendant Reynoso failed to document how Plaintiff's injuries occurred.

Plaintiff was subsequently found guilty of battery on a peace officer, and lost yard privileges for ten days and canteen privileges for thirty days. (2nd Amend. Comp., court record p. 101.) Plaintiff was not assessed a credit forfeiture, but was referred to classification for a SHU term assessment. (Id., p. 102.)

The Due Process Clause protects against the deprivation of liberty without due process of law. Wilkinson v. Austin, 545 U.S. 209, 221, 125 S.Ct. 2384, 2393 (2005). In order to invoke the protection of the Due Process Clause, a plaintiff must first establish the existence of a liberty interest for which the protection is sought. Id. Liberty interests may arise from the Due Process Clause itself

4

or from state law. Id. The Due Process Clause itself does not confer on inmates a liberty interest in avoiding "more adverse conditions of confinement." Id. Under state law, the existence of a liberty interest created by prison regulations is determined by focusing on the nature of the deprivation. Sandin v. Conner, 515 U.S. 472, 481-84, 115 S.Ct. 2293 (1995). Liberty interests created by state law are "generally limited to freedom from restraint which . . . imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Id. at 484; Myron v. Terhune, 476 F.3d 716, 718 (9th Cir. 2007).

The Ninth Circuit has not found that prisoners have an independent right, grounded in the Due Process Clause, to an accurate prison record. Hernandez v. Johnston, 833 F.2d 1316, 1319 (9th Cir. 1987). In this instance, although Plaintiff alleges Defendants falsified reports and other documents relating to the incident of excessive force, Plaintiff has not established that he was deprived of any protected liberty interest as a result. Therefore, Plaintiff's due process claim arising from the falsification of reports and other documents is not cognizable.

### 3. Conspiracy Claim

Plaintiff also alleges a conspiracy. A conspiracy claim brought under section 1983 requires proof of "'an agreement or meeting of the minds to violate constitutional rights,'" Franklin v. Fox, 312 F.3d 423, 441 (9th Cir. 2001) (quoting United Steel Workers of Am. v. Phelps Dodge Corp., 865 F.2d 1539, 1540-41 (9th Cir. 1989) (citation omitted)), and an actual deprivation of constitutional rights, Hart v. Parks, 450 F.3d 1059, 1071 (9th Cir. 2006) (quoting Woodrum v. Woodward County, Oklahoma, 866 F.2d 1121, 1126 (9th Cir. 1989)). "'To be liable, each participant in the conspiracy need not know the exact details of the plan, but each participant must at least share the common objective of the conspiracy.'" Franklin, 312 F.3d at 441 (quoting United Steel Workers, 865 F.2d at 1541).

The only claim cognizable in this action is Plaintiff's excessive force claim, and Plaintiff has not alleged any facts supporting the existence of a conspiracy between Defendants to use excessive force against him. Accordingly, Plaintiff fails to state a claim for conspiracy.

///

///

5

1 **4.  Supervisory Liability Claim**

Plaintiff alleges that Defendants Jose and Reynoso failed to properly supervisor and correct the corruption engaged in by his subordinates. The Supreme Court recently emphasized that the term "supervisory liability," loosely and commonly used by both courts and litigants alike, is a misnomer. Iqbal at 1949. "Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*." Id. at 1948. Rather, each government official, regardless of his or her title, is only liable for his or her own misconduct, and therefore, Plaintiff must demonstrate that each defendant, through his or her own individual actions, violated Plaintiff's constitutional rights. Id. at 1948-49.

As previously set forth, Plaintiff has not alleged any facts demonstrating that Defendants Reynoso and Jose participated in use of force against him or knew it was going to occur but failed to prevent it. Plaintiff's assertion that they had advance notice is merely a conclusion and therefore insufficient. Plaintiff states neither an excessive force claim nor any other constitutional claim against Reynoso and Jose, and they are entitled to dismissal from this action.

**B.  Claim Against Staff at California Correctional Institution**

Finally, Plaintiff alleges that Defendants Zanchi, Chapman, and Rhodes violated his due process rights on January 31, 2007, by placing him in an "underground" pilot program called BMU (Behavior Modification Unit Pilot Program) for ninety days, which resulted in the loss of yard for sixty day and the confiscation and destructions of his personal property. (2nd Amend. Comp., court record p. 107.)

Plaintiff's placement in BMU occurred at California Correctional Institution (CCI), where Plaintiff is presently housed. Plaintiff may not proceed in this action against staff at two different prisons on unrelated claims. Fed. R. Civ. P. 18(a); George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Pursuant to Rule 18(a), this action shall proceed on Plaintiff's excessive force claim against staff at KVSP. George, 507 F.3d at 607. Plaintiff's claim against staff at CCI is dismissed, without prejudice to being raised in a separate civil action. Id.

///

///

6

### III. Conclusion and Recommendations

Plaintiff's second amended complaint states a claim against Defendants Williams, Lozano, Medina, and Miranda for use of excessive force, in violation of the Eighth Amendment, but does not state an excessive force claim against Defendant Gibbs, a conspiracy claim, a due process claim, or any claims against Defendants Reynoso and Jose. Further, Plaintiff may not pursue his claim against staff at CCI in this action because the claim is not related to his excessive force claim against staff at KVSP. Fed. R. Civ. P. 18(a).

Plaintiff was previously provided with two opportunities to amend his claims. The Court does not find that leave to amend is warranted in light of its past screening orders and the nature of the deficiencies in Plaintiff's non-cognizable claims. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

Accordingly, based on the foregoing, it is HEREBY RECOMMENDED that:

1. This action proceed on Plaintiff's second amended complaint against Defendants Williams, Lozano, Medina, and Miranda for use of excessive force, in violation of the Eighth Amendment;

2. Plaintiff's excessive force claim against Defendant Gibbs, conspiracy claim, due process claim arising from the falsification of reports, and claims against Defendants Reynoso and Jose be dismissed, with prejudice, for failure to state a claim; and

3. Plaintiff's claim against Zanchi, Chapman, and Rhodes arising from his placement in BMU at CCI be dismissed without prejudice to being raised in a separate civil action.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the

///
///
///

7

1  specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d
2  1153 (9th Cir. 1991).

        IT IS SO ORDERED.

        Dated:   **October 8, 2009**                    **/s/ Gary S. Austin**
                                                  UNITED STATES MAGISTRATE JUDGE