# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARL L. HIGGINS, | CASE NO. 1:07-cv-00934 LJO JLT |
| Plaintiff, | ORDER ADOPTING FINDINGS AND RECOMMENDATIONS GRANTING MOTION TO DISMISS WITHOUT PREJUDICE |
| v. | |
| J. MEDINA, et al., | (Doc. 30, 38) |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with an action under 42 U.S.C. § 1983. He alleges that on December 21, 2005, Defendants subjected him to excessive force, in violation of his Eighth Amendment right to be free from cruel and unusual punishment. Defendants filed a motion to dismiss, arguing that Plaintiff has failed to exhaust his administrative remedies as required by 42 U.S.C. § 1997e(a).

On September 27, 2010, the Magistrate Judge filed a Findings and Recommendations recommending that the motion be granted because the evidence presented by the defendants demonstrated that Plaintiff had not exhausted his administrative remedies provided by the Prison Litigation Reform Act. (Doc. 38) On October 13, 2010, the Court granted Plaintiff additional time, until December 15, 2010, to file objections to the Findings and Recommendations. (Doc. 40)

On that day, Plaintiff filed his objections to the Findings and Recommendations. (Doc. 41) In

his objections, Plaintiff reiterates the position he took in his opposition to the motion to dismiss. In essence, Plaintiff continues to assert that he attempted to comply with the Prison Litigation Reform Act but that his grievance, dated December 28, 2005, was discarded by prison officials. Id. In support, he cites to a document that he provided to the United States District Court, Central District of California, on January 23, 2006.[1,2] (Doc. 41, ex. 1) In this document[3], Plaintiff reports that he provided an inmate grievance on December 28, 2005, but that prison officials "fail to not put the 12-28-05 above citizen complaint thru the appeal policy." Id. He indicates further that a copy of the grievance was attached thereto. Id. However, Plaintiff provides only this one page of the document and does not provide the attachment.

Of great concern to the Court, Plaintiff has written on the page and it has been photocopied. As a result, the Court cannot determine what writing was actually on the document at the time it was presented to the Central District.[4] There is no supporting attestation that the document is authentic and that it has not been altered (or a description of the alterations that have been made) and, because only one page has been presented, the Court has no information whether it was signed under penalty of perjury.

Also, the filing was made in response to an order to show cause in which Plaintiff was required to explain his lack of timeliness related to his habeas corpus proceeding. Thus, given that Plaintiff was facing serious consequences in his habeas corpus proceeding if he was found to have improperly delayed and because the time for filing a grievance related to the December 21, 2005 incident had expired, the

---

[1] This document is stamped "Received but not filed" and "Returned" and is stamped January 23, 2006.

[2] The Court has confirmed that Plaintiff provided a document to the Central District on January 23, 2006 in case number 2:05-cv-07599-GW -FFM. The docket entry for January 31, 2006 (Doc. 10), reads, "NOTICE OF DISCREPANCY AND ORDER by Judge Arthur Nakazato: ORDERING Motion In Respond to the Order to Show Cause submitted by Petitioner Carl Lamonte Higgins received on Jan. 23, 2006, is not to be filed but instead rejected. Denial based on: Local Rule 11-4.1 No copy provided for Judge. (mca) (Entered: 02/09/2006)." However, because the filing was rejected, the Court's docket fails to provide a copy of the document received.

[3] Although Plaintiff referred to this filing in his opposition to the motion to dismiss, he failed to provide a copy of it until he filed his objections to the Findings and Recommendations.

[4] For example, the writing of the date "12/28/05" appears smaller than the rest of the text. The Court has no assurance that this date was contained on the original, unaltered document.

Court concludes that at the time the document was drafted, Plaintiff had motive to fabricate its contents. Thus, the Court finds that this document is hearsay and it lacks of foundation and, therefore, it is inadmissible.

Furthermore, in his Second Amended Complaint and in his opposition to the motion to dismiss, Plaintiff refers to the alleged December 28, 2005 grievance but has failed to provide a copy of it and, even now, fails to do so. Instead, attached to his Second Amended Complaint, he provided only a copy of the grievance received by CDCR in May 2006.[5]

Moreover, Plaintiff's current account of the history surrounding the presentation of his alleged December 28, 2005 grievance differs from his earlier ones. For example in his Second Amended Complaint, Plaintiff indicated that he submitted the grievance on December 28, 2005 and was so concerned about the fact that he heard nothing about the investigation, that he contacted his family on February 6, 2006 about the matter. (Doc. 16 at 30) In his opposition to the motion to dismiss, Plaintiff asserted that he contacted his family in January 2006. (Doc. 33 at 4) Also, in his Second Amended Complaint and in his opposition to the motion to dismiss, Plaintiff claimed that as soon as he communicated his predicament to his family, his family *immediately* contacted the Internal Affairs division of CDCR. Now he states that the family's letter was written in February 2006 but admits that it was not mailed to CDCR until April 8, 2006. (Doc. 41 at 4-5) He offers no explanation for this delay.

Alternatively, Plaintiff argues that whether he exhausted his administrative remedies is irrelevant to the current matter. Toward this end, he reports that in May 2006, the Litigation Coordinator for the prison wrote to him and indicated that the claim would be forwarded for "possible investigation." (Doc. 41 at 9-10) Plaintiff does not explain why he feels that this makes compliance with the Prison Litigation Reform Act irrelevant. However, to the contrary, administrative exhaustion *is* relevant to whether he complied with the PLRA because it is a prerequisite to filing civil litigation. 42 U.S.C. § 1997e(a).

In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(C) and Britt v. Simi Valley United School Dist., 708 F.2d 452, 454 (9th Cir. 1983), this Court has conducted a *de novo* review of the case.

---

[5] This failure is notable given his repeated claim that he retained a copy of the December 28, 2005 grievance and provided it to others. However, in all instances, he has failed to provide a copy even when the documents that he *does* provide, purport to have a copy of the grievance attached thereto.

1  Considering Plaintiff's failure, during the investigation into the December 21, 2005 incident, to notify
2  any official about his "lost" grievance or to explain to the Court why he did not raise this issue with them
3  at the time, his failure to provide the Court a copy of the claimed December 28, 2005 grievance and the
4  inconsistencies in Plaintiff's accounts related to the presentation of his alleged grievance, in addition to
5  the analysis set forth in the Findings and Recommendation, the Court finds that Plaintiff has not
6  countered the evidence that demonstrates convincingly that he did not timely comply with the PLRA.
7  Therefore, after having carefully reviewed the entire file, the Court finds that the findings and
8  recommendation are supported by the record and by proper analysis.

      Accordingly, IT IS HEREBY ORDERED that:

      1. The findings and recommendations filed September 27, 2010, are ADOPTED IN FULL;

      2. The motion to dismiss the matter without prejudice is GRANTED; and

      3. Because this order disposes of the case, the Clerk of the Court IS DIRECTED to close this action.

      IT IS SO ORDERED.

**Dated:   December 28, 2010**          /s/ Lawrence J. O'Neill
                                                          UNITED STATES DISTRICT JUDGE